WILLIAMS, Judge.
Plaintiff, Nicholas Nelson, filed suit seeking to rescind the sale of immovable property or, in the alternative, for a reduction of the purchase price by $20,409.79. In his original, supplemental and amending petitions, plaintiff claimed that subsequent to the purchase of a dwelling located at 325 South Lopez Street in New Orleans, he discovered hidden defects in the immovable property, mostly located in a rear “Duplex” building. Further, he claims that certain repairs which defendants made prior to the sale were faulty and not doné in a workmanlike manner. Plaintiff claimed that the defects were known to defendants thereby constituting bad faith which would entitle plaintiff to attorney’s fees. Defendants answered, seeking $19,000.00 for extra work performed on the property. Prior to a hearing before a commissioner, plaintiff abandoned his claim for rescission of the sale, and defendants did not pursue their reconventional demand.
After trial, the Commissioner issued findings which included an award of $1,227.88 to plaintiff and dismissing defendant’s re-conventional demand. The recommendation was adopted by the trial judge. It is from the judgment that plaintiff appeals.
An issue of controversy at trial, and again on appeal, is whether the purchase price of the immovable property excluded the rear building such that any redhibitory *542 defects in it are not actionable. We preter-mit the issue, as to whether or not the purchase price included the rear building in order to address the alleged redhibitory defects and plaintiffs entitlement to recovery for such defects.
In a redhibitory suit, the plaintiff is obligated to prove by a preponderance of the evidence that the property had a hidden defect prior to the act of sale; the defect was not apparent by ordinary inspection; and, that the defect rendered the property unfit for its intended use or so imperfect that the purchaser would not have purchased it had he known of the defect. La.Civ.Code arts. 2520, 2521, 2530, Prat v. Heymann, 410 So.2d 343 (La.App. 4th Cir.1982).
The record clearly indicates that the trial judge reviewed numerous photographs illustrating the alleged redhibitory defects and held that all of the alleged defects were “susceptible to discovery by routine inspection made prior to his offer to purchase.” The trial judge concluded that the majority of plaintiff’s complaints dealt with visible defects as corroborated by plaintiffs photographic exhibits.
Accordingly, the trial judge reviewed the complaints and found that the sewer systems represented the only major redhibitory defect, and awarded the plaintiff $1,077.88 in order to repair it. The remainder of plaintiffs recovery consisted of the following:
$20.00 1 lock
$10.00 flexible gas line
$60.00 repair of bathtub leak
$60.00 repair to gas and water lines
Of the remaining alleged defects, the trial judge found that they were either apparent or that the plaintiff had failed to adequately prove the amount of damages sustained. Further, the trial judge found that plaintiff had failed to show the cost of repairs/renovations agreed upon and undertaken by defendant which plaintiff claimed were performed in an unworkmanlike manner, accordingly, relief was not granted.
Additionally, the plaintiff requested attorney’s fees which the trial judge refused to award.
Absent manifest error the judgment of the trial court shall not be disturbed. Finding no error in the ruling of the court below regarding either damages or attorney’s fees, we affirm the trial court.
AFFIRMED.
WARD, J., concurring with reasons.
BYRNES, J., concurring with reasons assigned by WARD, J.